## IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF VIRGINIA
#### Alexandria Division

RICHARD PHILLIPS,                              :

                                                    2014 SEP -3  A 11: 01

JAMES NGAI,                                    :
                                                    CLERK US DISTRICT COURT
                                                    ALEXANDRIA, VIRGINIA

ROBERT ZAPF,                                   :

and

IAN MCCULLY,                                   :

Plaintiffs

On behalf of themselves and all others similarly situated   :

    v.                                                       Case No.: 1:14CV 1130
                                               :                        GBL/TRJ

EMDAD HAQUE ,

                                               :

and

SILVER DINER DEVELOPMENT, LLC.

Defendants

_____

SERVE:     CT Corporation System (Agent)
           4701 Cox Rd Suite 285
           Glen Allen VA 23060

           Emdad Haque
           Silver Diner
           12251 Fair Lakes Parkway

1

## COLLECTIVE ACTION COMPLAINT

COME NOW Plaintiffs, by counsel, pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), and allege the following as their Collective Active Complaint in which they seek damages on behalf of themselves and all others similarly situated for Defendants' violation of the minimum wage and overtime provisions of the FLSA, and for Defendants' retaliation against Plaintiff Ngai.

### Introduction

1.      Plaintiffs were employees of a family restaurant doing business as "Silver Diner". Plaintiff James Ngai was a Server paid by Defendants at an hourly rate of $2.13 who worked approximately 35-40 hours per week. Plaintiff Ian McCully was a Server paid by Defendants at an hourly rate of $2.13 who worked approximately 40-45 hours per week. Plaintiff Richard Phillips was a Server paid by Defendants at an hourly rate of $2.13 who worked approximately 35-40 hours per week. Plaintiff Robert Zapf was a server paid by Defendants at an hourly rate of $2.13 who worked approximately 45 hours per week. Defendants employed Plaintiffs in their restaurant located at 12251 Fair Lakes Parkway, Fairfax, VA 22033 ("Fair Oaks Silver Diner").

2.      The individual and corporate Defendants own and operate a single enterprise that does business as "Silver Diner" at 17 locations in Virginia, Maryland, and New Jersey, with approximately 1,200 employees. Their corporate headquarters are located in Rockville, Maryland.

3.      Defendants improperly took a "tip credit". The credit permits an employer to take a tip credit toward its minimum wage obligation for tipped employees equal to the difference between the required cash wage (which must be at least $2.13) and the federal minimum wage. Thus, the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per

2

hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13).   Tips are the property of the employee. The employer is prohibited from using an employee's tips for any reason other than as a credit against its minimum wage obligation to the employee ("tip credit") or in furtherance of a valid tip pool. Only tips actually received by the employee may be counted in determining whether the employee is a tipped employee and in applying the tip credit. A valid tip pool may not include employees who do not customarily and regularly receive tips, such as dishwashers, cooks, chefs, expediters, and janitors. To properly take part in a tip pool a restaurant employee must have direct customer interaction. *See, e.g., Ford et al. v. Lehigh Valley Rest. Group, Inc.*, 2014 U.S. Dist. LEXIS 92801 (M.D. Pa. July 9, 2014) (denying defendant restaurant's motion to dismiss FLSA claim of servers required to participate in tip pool with expediters, reasoning that "based on ...case law, section 203(m)'s plain meaning and the directive that exemptions to the FLSA are narrowly construed, we conclude that to take part in a tip pool a restaurant employee must have direct customer interaction."); *Porter v. West Side Restaurant, LLC*, 2014 U.S. Dist. LEXIS 57126, *31 (D. Kan. Apr. 24, 2014) ("The case law suggests that direct customer interaction is a relevant factor in determining whether an employee 'regularly and customarily receives tips' and therefore can participate in a mandatory tip pool.").

4.        The Plaintiffs were required to participate in an invalid tip pooling system. At the end of each shift, the Plaintiffs had to contribute 3% of their total net sales to a tip pool that was shared between the Hosts, Soda Makers, Expediters, and Bussers. The FLSA requires that the tip pool may only include customarily tipped employees. Furthermore, courts have determined the extent of an employee's customer interaction is a significant factor in determining whether an employee is a customarily tipped employee. *See e.g. Myers v. The Copper Celler Corp.*, 192 F.

3d 546, 550-51 (6th Cir. 1999); *Ash v. Sambordromo, LLC*, 676 F Supp. 2d 1360, 1370. (S.D.

Fla. 2009); *Wajcman v Inv Corp of Palm Beach*, 620 F. Supp. 2d 1352, 1359 (S.D. Fla 2009);

5.         Defendants have instituted and maintained an unlawful "tip credit" system that

includes employees who do not have any significant customer contact, such as the Soda Makers

Expediters, and Bussers. These other employees do not qualify for the tip pool based on their

lack of interaction with customers.

6.         The Soda Makers made the milkshakes, alcoholic drinks, and deserts from orders

placed by customers to the Servers. These employees have no customer contact and should

therefore not be part of the tip pool.

7.         The Expediters are the individuals who interact with the cooks, and serve as a go

between for the servers and the kitchen employees.  They have contact with the Servers and with

the cooks, but not the customers.

8.         Finally, the Bussers' customer contact is *de minimis*. Their job is to clear the

tables and clean the eating area after the customer has left. They also regularly do a large portion

of the janitorial work, such as mopping floors and cleaning the windows. Their limited contacts

with customers consist of providing water and silverware whenever necessary. This function is

usually carried out by the servers. However, the Bussers on occasion will help the Servers with

the water and silverware to expedite service.

9.         The Plaintiffs were not properly notified about the Defendant's intention to take a

tip credit. 29 U.S.C. § 203(m) of the FLSA states that the employer must inform their employees

if they intend to take a tip credit. The employee must also be made aware of the all of the

provisions contained in § 203(m) of the FLSA. The Defendant failed to notify the Plaintiffs of

either their intention to take a tip credit or the provisions of § 203(m). An employer who fails to

provide this information cannot use the tip credit provisions and therefore must pay the tipped

employee at least $7.25 per hour in wages and allow the tipped employee to keep all tips

received. In fact, when one of the Plaintiffs, Mr. Ngai, posted a notice in the Fair Oaks Silver

Diner concerning the requirements of § 203 (m) of the FLSA, Defendants immediately took it

down and threatened Mr. Ngai with dismissal. This notice had never been posted in the

restaurant.

10.        Defendants not only established an invalid tip pooling system, but also

misappropriated Plaintiffs' tips. The Plaintiffs were required to contribute tips of 3% of net sales

even on discounted items, or complimentary items. For example, if a Plaintiff sold a steak, $25

would be added to his total net sales. If the customer then had an issue with the steak, and

returned it, the Plaintiff would then have to add an additional steak, and an additional $25.00,

onto his total net sales. The manager would discount the bill, so that the customer received only

a $25.00 bill, but the Plaintiff would have to contribute to the tip pool based on $50.00 worth of

total sales instead of only $25.00 actual sales. This would happen with any discount, coupon,

meal comp, or voided transaction. The Plaintiffs were required to contribute to the tip pool

based on tips they never actually received, and sales that were never actually made.

11.        The tip pool, involving non-customarily tipped employees such as Expiditers, was

mandatory and not voluntary. The Plaintiffs were required to participate in the invalid tip pool.

The invalid "tip pool" policy is stated in the Associate handbook, the applicable portion of which

is attached hereto as Exhibit "A". According to Exhibit "A," this invalid "tip pool" policy applies

uniformly throughout all of Defendants' 17 Silver Diner restaurants.

12.        When Plaintiff James Ngai requested that these policies be investigated,

Defendants retaliated against him by giving him a disciplinary notice for "creating a hostile work

environment". Vice President of Human Resources, Chris Shand, contacted Mr. Ngai through email and asked him to refrain from making comments to other employees. Defendants (through an Assistant Manager) told Mr. Ngai that if he continued, he would be fired. Mr. Ngai felt threatened by these actions, and asked management if he could give his thirty day's notice. Instead, Defendants offered Mr. Ngai two weeks notice. When he refused, they attempted to remove him from the work schedule without prior notice. Section 29 U.S.C. § 215(a)(3) of the FLSA makes it unlawful for a covered employer to "discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding." The FLSA's prohibition against retaliation extends to intra-corporate complaints. *Jafari v. Old Dominion Transit Mgmt. Co.*, 462 Fed. App'x 385 (4th Cir. Jan. 27, 2012).

13.        Plaintiffs bring this action on behalf of themselves and all similarly-situated individuals to recover damages for Defendants' willful failure to pay minimum and overtime wages in violation of the FLSA.

## Jurisdiction and Venue

14.        This Court has jurisdiction of Plaintiffs' claims pursuant to the FLSA.

## Parties

### Plaintiffs

15.        Plaintiff Phillips resides in Fairfax County VA. He worked for Defendants from June 2013 to September 2013 as a Server.

6

16.         Plaintiff Ngai resides in Fairfax County VA. He worked for Defendant from

January 2013 to September, 2013 as a Server.

17.         Plaintiff McCully was employed by the Defendants from June 2011 through

August 2011 and then worked again from May 2012 to the present as a Server.

18.         Plaintiff Zapf resides in Fairfax County VA. He worked for Defendants as a

Server from February 2013 to September 2013.

**Defendants**

19.     Defendant Silver Diner Development, LLC. is a Maryland corporation that regularly

conducts business in Virginia, Maryland and New Jersey. Its corporate headquarters are located

at 12276 Rockville Pike Rockville, Maryland, 20852.

20.         Defendant Emdad Haque is the General Manager of the Fair Oaks Silver Diner

located at 12251 Fair Lakes Parkway Fairfax, VA 22033. He is an Operating Partner, and owns

at least 8,000 shares of Silver Diner Development, LLC.'s common stock.


**Factual Allegations**

21.     At all relevant times, Defendants acted through unified operation and common control.

22.     At all relevant times, Defendants collectively constituted an enterprise within the

meaning of the FLSA that does business as "Silver Diner."

23.     Silver Diner is a family restaurant with seventeen locations in Virginia, Maryland, and

New Jersey.

24.     At all relevant times, Defendants' gross volume of sales has exceeded $500,000.00, per

year exclusive of excise taxes.

7

25.     At all relevant times, the Plaintiffs and similarly situated individuals were engaged in commerce or in the production of goods for commerce.

26.     At all relevant times, Defendants controlled the manner in which the Plaintiffs were paid.

27.     At all relevant times, Defendants had the power to hire and fire the Plaintiffs and similarly situated individuals.

28.     At all relevant times, Defendants "employed" the Plaintiffs and similarly situated individuals within the meaning of the FLSA.

29.     As such, pursuant to 29. U.S.C. § 203 (d), Defendant Emdad Haque acted directly or indirectly in the interest of Plaintiffs' and Class members' employment as their employer, which makes him individually liable under the FLSA.

30.     At all relevant times, Defendants were joint employers of Plaintiffs and other similarly situated individuals within the meaning of 29 C.F.R. § 791.2.

31.     Defendants were aware that they were legally required to pay Plaintiffs and similarly situated individuals the applicable minimum wage.

32.     At all relevant times, the applicable federal minimum wage was $7.25 — and the applicable federal minimum wage for overtime hours was $10.38.


**Plaintiff James Ngai**

33.     Plaintiff James Ngai worked for Defendants from January 2013 through approximately September, 2013.

34.     James Ngai worked at a Silver Diner location at 12251 Fair Lakes Pkwy, Fairfax, VA 22033.

8

35.     During his time at the location, James Ngai worked as a server. However, his duties also included seating customers, preparing food, bussing tables, and processing customer transactions.

36.     At all relevant times, James Ngai worked approximately 35-40 hours per week, on average.

37.     Defendants paid James Ngai $2.13 per hour for all hours worked.

38.     Defendants paid James Ngai approximately $85.00 a week from approximately January 2013 to approximately September 2013.

39.     James Ngai received approximately $400.00 in tips each week.

40.     James Ngai was required to contribute tips based on 3% of net sales to a tip pool at the end of every shift.

41.     James Ngai was constructively discharged from his position in September 2013. In particular, Defendants' threat to terminate Mr. Ngai's employment if her continued to complain about Defendants' violation of the FLSA as described in this complaint created conditions so intolerable that any reasonable employee would resign. In creating these intolerable conditions, Defendants wanted Mr. Ngai to resign.

42.     For his work from January, 2013 to the September, 2013, James Ngai is owed approximately $15,155.20 in minimum wage compensation and liquidated damages, in addition to compensating damages for the pain, suffering, and humiliation suffered by him as a consequence of Defendant's retaliation, lost wages as a consequence of Defendants' retaliatory constructive discharge of Mr. Ngai, and reimbursement of all amounts taken from him under Defendants' unlawful "tip pool" scheme.

## Ian McCully

43.     Plaintiff Ian McCully worked for Defendants from June, 2011 through approximately September, 2011, and May 2012 through September 2013.

44.     Ian McCully worked at a Silver Diner location at 12251 Fair Lakes Pkwy, Fairfax, VA 22033.

45.     During his time at this location, Ian McCully worked as a server. However, his duties also included seating customers, preparing food, bussing tables, and processing customer transactions.

46.     At all relevant times, Ian McCully worked approximately 40-45 hours per week, on average.

47.     Defendants paid Ian McCully $2.13 per hour for all hours worked.

48.     Defendants paid Ian McCully approximately $85.00 a week from June 2011 to September 2012, and then from May 2012 to September 2013.

49.     Ian McCully was required to contribute tips based on 3% of his total net sales to a tip pool at the end of every shift.

50.     For his work from August, 2011 to the present, Ian McCully is owed approximately $28,672.00 in minimum wage compensation and liquidated damages, in addition to reimbursement of all amounts taken from him under Defendants' unlawful "tip pool" scheme.

## Richard Phillips

51.     Plaintiff Richard Phillips worked for Defendants from October 2012 through June 2013.

52.     Richard Phillips worked at a Silver Diner location at 12251 Fair Lakes Pkwy, Fairfax, VA 22033.

53.     Richard Phillips worked as a server. However, his duties also included seating customers,

preparing food, bussing tables, and processing customer transactions.

54.     At all relevant times, Richard Phillips worked approximately 40 hours per week, on

average.

55.     Defendants paid Richard Phillips $2.13 per hour for all hours worked.

56.     Defendants paid Richard Phillips approximately $85.00 a week from October 2012 to

June 2013.

57.     Richard Phillips was required to contribute tips based on 3% of his total net sales to a tip

pool at the end of every shift.

58.     For his work from October 2012 through June 2013, Richard Phillips is owed

approximately $21,300.00 in minimum wage compensation and liquidated damages, in addition

to reimbursement of all amounts taken from him under Defendants' unlawful "tip pool" scheme.

**Robert Zapf**

59.     Plaintiff Robert Zapf worked for Defendants from February, 2013 through September,

2013.

60.     Robert Zapf worked at a Silver Diner location at 12251 Fair Lakes Pkwy, Fairfax, VA

22033.

61.     Robert Zapf worked as a server. However, his duties also included seating customers,

preparing food, bussing tables, and processing customer transactions.

62.     At all relevant times, Robert Zapf worked approximately 45 hours per week, on average.

63.     Defendants paid Robert Zapf $2.13 per hour for all hours worked.

64.     Defendants paid Robert Zapf approximately $85.00 a week from February 2013 to end

of September 2013.

65.    Robert Zapf was required to contribute tips based on 3% of his total net sales to a tip pool at the end of every shift.

66.    For his work from February, 2013 to September, 2013, Robert Zapf is owed approximately $13, 107.20 in minimum wage compensation and liquidated damages, in addition to reimbursement of all amounts taken from him under Defendants' unlawful "tip pool" scheme.

**Collective Action Allegations – Non-exempt Servers**

67.    This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. §216(b).

68.    Defendants pay all of their Servers similarly to how Defendants paid James Ngai.

69.    Defendants have a common policy of receiving a tip credit and paying these employees $2.13 per hour, and a common policy as to which categories of employees participate in the tip pool. See Exhibit "A."

70.    Defendants do not properly notify employees of their intention to take a tip credit.

71.    Almost all of Defendants' non-exempt Servers are required to tip out 3% of total net sales to the tip pool.

72.    This scheme denies proper minimum wage compensation and often results in a sub-minimum wage.

73.    On information and belief, there are over hundred of current and former similarly situated non-exempt, in-store employees who have been denied approximately $1,500,000.00 in minimum wage compensation by this scheme over the last three years.

## COUNT I

### FAILURE TO PAY MINMUM WAGES AND OVERTIME UNDER THE FLSA
### (29 .S.C. § 201 *et seq.*)

74.     This count arises from Defendants' willful violation of the FLSA, 29 U.S.C. § 201, et

seq., for its failure to pay minimum wages and overtime to Plaintiffs, and other current and

former employees, working at Silver Diner Development, LLC..

75.     Plaintiffs bring this claim as a collective action under Section 16(b) of the Act. 29 U.S.C.

§216(b).

76.     Plaintiffs and other current and former employees were paid by Defendants an hourly rate

less than the minimum wage.

77.     Although Defendants took a tip credit in paying hourly wages to Plaintiffs and other

Servers, Defendants failed to comply with the predicate requirements under the FLSA, 29 U.S.C.

§203(m).

78.     Defendants failed to inform Plaintiffs and other servers of the provisions of the tip-credit

subsection.

79.     Defendants' established a tip pool that allowed customarily non-tipped employees to

participate.

80.     Defendants' failure to comply with the minimum wage requirements of the FLSA

regarding tip credit, and consequently, Defendants' failure to pay minimum wage to Plaintiffs,

and other similarly-situated employees, was a willful violation of the Act.

81.     For their violations of the FLSA, Defendants are liable to Plaintiffs and similarly situated

individuals for unpaid minimum wage compensation, plus an equal amount as liquidated

.damages, plus court costs, reasonable attorneys' fees and expenses, and any other relief deemed

appropriate by the Court.

## COUNT II

### MISAPPROPRIATION OF TIPS

82.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding

paragraphs.

83.     Defendants' policy stated that 3% of Plaintiffs' and other servers' net sales would be

automatically applied to the tip pool.

84.     Defendants violated this agreement by basing the net sales on inaccurate figures, and

often taking more than the policy mandated 3%.

85.     The FLSA states that tips are the property of the employee. The employer is prohibited

from using an employee's tips for any reason other than as a credit against its minimum wage

obligation to the employee or in furtherance of a valid tip pool.

86.     Defendants' violations were willful.

87.     For their violations of the FLSA, Defendants are liable to Plaintiffs and similarly situated

individuals for more than $1,500,000.00.

## COUNT III

### RETALIATION

88.     Plaintiff Ngai re-alleges and incorporates by reference all allegations in all preceding

paragraphs.

89.     Plaintiff Ngai attempted to enforce his rights under the FLSA by making an oral and

written complaint to his supervisor regarding the invalid tip pool.

90.     Plaintiff Ngai's complaining is a protected activity under 29 U.S.C. § 215(a)(3).

91.     In response to Ngai's complaint, Defendants retaliated against him by writing him up and threatening to terminate his employment if he did not stop raising issues related to Defendant's unlawful tip pool.

92.     Defendants then constructively discharged Plaintiff Ngai from his position by threatening to terminate his employment if he did not stop raising issues related to Defendants' improper use of the tip credit.

93.     A reasonable employee would have found this retaliation to be materially adverse. This retaliation would dissuade a reasonable employee from making or supporting a complaint about wage and hour violations.

94.     Plaintiff Ngai has suffered damages, including but not limited to back pay, front pay, emotional distress damages and reputational injury as a result of Defendants' retaliation.

95.     Defendants retaliation altered the terms and conditions of Ngai's employment.

96.     Plaintiff Ngai is entitled to equitable relief, monetary relief including but not limited to compensatory and other damages, reasonable attorney's fees and costs, punitive damages, and other appropriate relief.


### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against all Defendants, jointly and severally, in Plaintiffs' favor on all counts, and grant the following relief:

a.     Award Plaintiffs and similarly situated individuals unpaid minimum wages, and an equal amount as liquidated damages, pursuant to 29 U.S.C. § 216.

b.     Award Plaintiff Ngai back pay for Defendants' retaliatory constructive discharge, in addition to compensatory damages for emotional distress.

c.      Award Plaintiffs their reasonable attorneys' fees, expenses and costs of court;

d.      Award Plaintiffs overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

e.      Award Plaintiff pre-judgment and post-judgment interest as allowed by law; and

f.      Any additional relief the Court deems just.

**PLAINTIFFS ASK FOR TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Thomas F. Hennessy (VSB 32850)
Virginia Employment & Family Law
Office, PLLC
4015 Chain Bridge Rd, Suite 6
Fairfax, VA 22030
T: (703) 445-6960
F: (202) 683-6102
TH@virginiawage.com

/s/Justin Zelikovitz
Justin Zelikovitz
Law Office of Justin Zelikovitz
PLLC
519 H Street, Second Floor
Washington, DC 20001
T: (202) 803-6083
F: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiffs*

16